GIBSON, DUNN & CRUTCHER LLP
BRIAN M. LUTZ (SBN 255976)
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: (415) 393-8200
Facsimile: (415) 393-8306
Email: *blutz@gibsondunn.com*

GIBSON, DUNN & CRUTCHER LLP
STEPHEN C. WHITTAKER (SBN 283518)
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220
Email: *cwhittaker@gibsondunn.com*

JACKSON LEWIS P.C.
CARY G. PALMER (SBN 186601)
NATHAN W. AUSTIN (SBN 219672)
400 Capitol Mall, Suite 1600
Sacramento, CA 95814
Telephone: (916) 341-0404
Facsimile: (916) 341-0141
Email: *cary.palmer@jacksonlewis.com*
*nathan.austin@jacksonlewis.com*

Attorneys for Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA NAVEJA, individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>PRIMERICA, INC., a Delaware corporation; PRIMERICA FINANCIAL SERVICES, LLC, a Nevada limited liability company; PRIMERICA CLIENT SERVICES, INC., a Delaware corporation; PRIMERICA LIFE INSURANCE COMPANY, a Tennessee corporation; and DOES 1 through 100, inclusive;<br><br>Defendants. | CASE NO. ________________<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>Complaint filed: 05.13.20 |

///

///

///

Defendants Primerica, Inc. ("Primerica"), Primerica Financial Services, LLC ("PFS"), Primerica Client Services, Inc. ("PCS"), and Primerica Life Insurance Company ("PLIC"), (collectively "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove this Action to this Court from the Superior Court of the State of California, Sacramento County.

## I. FACTUAL BACKGROUND

1. On or about May 13, 2020, Plaintiff Maria Naveja ("Plaintiff") filed suit against Defendants and their related entities in the Superior Court of the State of California, Sacramento County. A copy of the Complaint was served on Defendants on or about May 28, 2020. A true and correct copy of the Summons and Complaint is attached hereto as **EXHIBIT A**.

2. Plaintiff alleges in the Complaint that Defendants and their related entities violated various California state laws by, *inter alia*, failing to pay Plaintiff and other similarly situated individuals minimum wage and overtime and by failing to provide meal and rest periods. (*See generally* Compl.)

3. Plaintiff purports to bring this action on behalf of a putative class consisting of "all current and former California-based (*i.e.*, currently 'residing' in California with the intent to remain in California indefinitely) exempt independent contractors with the job title 'Representative' or those that performed similar duties who provided services to Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment regardless [*sic*] whether they made a commission." (Compl. ¶ 12.)

4. Plaintiff seeks to recover minimum wage, overtime, meal period penalties, rest break penalties, unpaid wages upon termination, unpaid business expenses, interest, attorneys' fees, and costs on behalf of herself and all putative class members. (Compl. at pg. 22-26.)

5. Plaintiff alleges that she is a resident of the State of California. (Compl. ¶ 5.)

6. Defendant Primerica is incorporated under the laws of the State of Delaware and its principal place of business is located in the State of Georgia. (*See* Peterman Decl. ¶ 8.)[1]

[1] The Declaration of Robert H. Peterman is attached hereto as **EXHIBIT B**.

7. Defendants PFS, PCS, and PLIC are all direct or indirect subsidiaries of Primerica. (*See* Peterman Decl. ¶ 3.)

8. Defendant PFS is incorporated under the laws of the State of Nevada and its principal place of business is located in the State of Georgia. (*See* Peterman Decl. ¶ 9.)

9. Defendant PCS is incorporated under the laws of the State of Delaware and its principal place of business is located in the State of Georgia. (*See* Peterman Decl. ¶ 10.)

10. Defendant PLIC is incorporated under the laws of the State of Tennessee and its principal place of business is located in the State of Georgia. (*See* Peterman Decl. ¶ 11.)

11. Defendants have reviewed the records of Primerica and its related entities which identify the sales agents[2] who have entered into contracts to sell the various products offered by the Primerica related entities. Peterman Decl. ¶¶ 4-6.)

12. Those records reflect the following, for the 12 months from June 2019 to May 2020:

- For a group of 950 Primerica Representatives in California, Defendants made at least 40 distinct payments to each individual Representative;
- For a separate group of 282 Primerica Representatives in California, Defendants made at least 30 distinct payments to each individual Representative;
- For a separate group of 479 Primerica Representatives in California, Defendants made at least 20 distinct payments to each individual Representative.

(*Id.*)

///

///

///

[2] The agents who sell the various products offered by the Primerica related entities are properly classified as independent contractors. Indeed, Primerica has received numerous favorable decisions from courts, the Internal Revenue Service, the United States Department of Labor, and other agencies holding that Primerica's sales agents are properly classified as independent contractors. Moreover, Primerica's agents are not subject to A.B. 5 because they are subject to the direct seller exemption. Nevertheless, for purposes of CAFA removal, the Court and the parties must assume that Plaintiff will prevail on the merits of their individual and classwide claims. *Stern v. RMG Sunset, Inc.*, 2018 U.S. Dist. LEXIS 85021, *16 (S.D. Cal. May 21, 2018 (citing *Fong v. Regis Corp.*, 2014 U.S. Dist. LEXIS 275 (N.D. Cal. Jan. 2, 2014)).

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

This case is removable under the Class Action Fairness Act of 2005 ("CAFA"). CAFA grants district courts subject matter jurisdiction over any civil action: (1) which is a "class action," (2) in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs, (3) involving a proposed class of at least 100 members, and (4) where "any member of a class of Plaintiff is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d). "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Rather, "Congress intended CAFA to be interpreted expansively." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015).

As set forth below, Defendants have met their burden of alleging herein all of the elements required to establish subject matter jurisdiction under CAFA.

### A. There Is Minimal Diversity.

In order to meet the "minimal diversity" required by CAFA, any member of the class of Plaintiffs must be a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2). Defendant Primerica is incorporated under the laws of the State of Delaware and its principal place of business is located in the State of Georgia. (*See* Statement of Facts ¶ 6.) Accordingly, Primerica is not a citizen of the State of California. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."). Plaintiff, on the other hand, alleges that she is a resident of the State of California.[3] (*See* Statement of Facts ¶ 5.) Accordingly, the "minimal diversity" required under CAFA is established in this case since at least one Defendant is a citizen of a different state than at least one Plaintiff.

///

///

[3] Although Plaintiff only alleges her residency in the Complaint, Defendants assume for purposes of this removal that Plaintiff intends to remain in California such that she is a citizen of that state.

**B. The Amount In Controversy Exceeds $5,000,000, Exclusive of Interest and Costs.**

Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5 million exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

Where a plaintiff does not expressly plead a specific amount in damages, as is the case here, a defendant seeking to remove under CAFA need only "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the jurisdictional] amount" of $5 million. *See Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 700 (9th Cir. 2007); *Singer v. State Farm Mut. Auto. Ins. Co*., 116 F.3d 373, 376 (9th Cir. 1997). A removing defendant is "not required to comb through its records to identify and calculate the exact frequency of [alleged] violations." *Oda, et al. v. Gucci Am., Inc.*, No. 2:14-cv-7468-SVW (JPRx), 2015 WL 93335, at *12 (C.D. Cal. Jan. 7, 2015). Nor is a removing defendant required to "research, state, [or attempt to] prove the plaintiff's claims for damages." *Sanchez v. Russell Sigler, Inc*., No. CV 15-01350-AB (PLAx), 2015 WL 12765359, at *2 (C.D. Cal. Apr. 28, 2015) (citation omitted).

Accepting Plaintiff's allegations as true for purposes of removal, there are multiple ways Defendants could exceed the $5 million threshold. In fact, Plaintiff's claim for non-compliant wage statements alone puts more than $5 million in controversy. Plaintiff seeks damages based on her allegation that an employee suffering an injury as a result of a knowing and intentional failure to provide accurate wage statements to sales agents under California Labor Code Section 226(a). Compl. ¶¶ 85-86. Under Section 226(a), an employee "(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." Defendant denies that any such penalties or fees are owed to Plaintiff or the putative class members. However, for the purposes of this jurisdictional analysis only, Defendant relies on Plaintiff's allegations that penalties are owed. *See Lewis v. Verizon Commc'ns, Inc*., 627 F.3d 395, 399 (9th Cir. 2010).

From June 2019 (one year before the filing of the Complaint) through May 2020:

- For a group of 950 Primerica Representatives in California, Defendants made at least 40 distinct payments to each individual Representative;
- For a separate group of 282 Primerica Representatives in California, Defendants made at least 30 distinct payments to each individual Representative;
- For a separate group of 479 Primerica Representatives in California, Defendants made at least 20 distinct payments to each individual Representative.

For purposes of removal, defendants have accepted Plaintiff's allegations as true even though they are otherwise denied by Defendants. Therefore, presuming solely for purposes of this removal petition that defendants' independent contractor representatives could properly be classified as employees, then, the amount in controversy with respect to Plaintiff's Sixth Cause of Action for non-compliant wage statements is more than $5,500,000, as reflected in the below chart.

| **Number of payments** | **Number of Reps** | **Total pay periods** | **Calculations** | **Total** |
|---|---|---|---|---|
| At least 40 | 950 | 38,000 | First penalty: 950 x 50 = $47,500<br><br>Subsequent penalties: 37050 x 100 = $3,705,000 | $3,752,500 |
| At least 30 | 282 | 8460 | First penalty: 282 x 50 = $14,100<br><br>Second penalty: 8178 x 100 = $817,800 | $831,900 |
| At least 20 | 479 | 9580 | First penalty: 479 x 50 = $23,950<br><br>Second penalty: 37167 x 100 = $910,100 | $934,050 |
| | | | | **$5,518,450** |

Plaintiff also seeks to recover attorney's fees on behalf of herself and the putative class members. (*See* Compl. at pg. 22-26.) Courts may consider attorney's fees when evaluating the potential amount in controversy for purposes of CAFA jurisdiction. *See Guglielmino*, 506 F.3d at 700 (*citing Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)); *Deaver v. BBVA Compass Consulting & Benefits, Inc.*, 946 F. Supp. 2d 982, 988 (N.D. Cal. 2013) (citing *Lowdermilk v. U.S. Bank N.A.*, 479 F.3d 994, 1000 (9th Cir. 2007)).

For purposes of removal, the Ninth Circuit uses a benchmark rate of 25% of the potential damages as the amount of attorneys' fees, and courts may include that fee in the CAFA amount in controversy. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *In re Adding*

*Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund). Defendants have plausibly demonstrated by a preponderance of the evidence that the amount in controversy conservatively exceeds $5 million, but the inclusion of attorneys' fees with respect to the calculation of $5,518,450 for wage statement penalties detailed above would add another $1,379,612 to the amount in controversy, bringing the total number to more than $6,898,000.[4]

Thus, Defendants have demonstrated that CAFA's "amount in controversy" element is satisfied. *Ibarra*, 775 F.3d at 1197 ("'[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." (quoting *Dart*, 135 S. Ct. 547).

Defendants reserve the right to present evidence establishing the amount placed in controversy by each of Plaintiff's claims should Plaintiff challenge whether the jurisdictional amount-in-controversy threshold is met. *See Dart Cherokee*, 135 S. Ct. at 554 ("Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation [that the amount in controversy exceeds the jurisdictional threshold].").

**C. The Proposed Class Is Greater Than 100 Members**

As noted above, Primerica's records reflect that, in the year preceding the filing of the complaint alone, more than 100 sales agents have entered into contracts with the Primerica related entities to sell the various products offered by those entities in California. (Statement of Facts ¶ 12.) Accordingly, Defendants have shown that there is a potential class of at least 100 members.

///

///

///

///

[4] Defendants do not concede that Plaintiff can ultimately demonstrate an entitlement to recovery of attorneys' fees. Nevertheless, because Plaintiff seek to recover attorneys' fees as a remedy in this case, Defendants must assume Plaintiff will recover those attorneys' fees and must include those fees in calculating the amount in controversy.

**D. This Matter Is A "Class Action."**

CAFA defines a "class action" as

> any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action

28 U.S.C. § 1332(d)(1)(B). Plaintiff purport to bring this action on behalf of a putative class consisting of "all current and former California-based (*i.e.*, currently 'residing' in California with the intent to remain in California indefinitely) exempt independent contractors with the job title 'Representative' or those that performed similar duties who provided services to Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment regardless [*sic*] whether they made a commission." (Compl. ¶ 12.) Plaintiff states that she "seeks class certification under Code of Civil Procedure section 382." (*Id.* ¶ 11.) Plaintiff also indicated on her Civil Cover Sheet that the case is a class action suit. (**EXHIBIT C**.) Accordingly, Plaintiff clearly seek to bring this case as a "class action" within the meaning of CAFA.

## III. TIMELINESS OF REMOVAL

Defendants were served with the Summons and Complaint on or about May 28, 2020. Accordingly, this Notice of Removal is filed within thirty (30) days from when Plaintiff served Defendants with the Summons and Complaint and is timely filed pursuant to 28 U.S.C. § 1446(b).

## IV. CONCLUSION

Defendants have established the necessary jurisdictional elements to assert federal jurisdiction under CAFA. For this reason, this Court has original jurisdiction over Plaintiff's claims by virtue of CAFA, and this case should be removed to this Court.

Defendants submit this notice without waiving any defenses to the claims asserted by Plaintiff, conceding that Plaintiff have pleaded claims upon which relief may be granted, conceding that class certification is appropriate, or conceding that Plaintiff or any class members are entitled to any remedy or relief in this Action. Upon filing this Notice of Removal, Defendants will provide written notification to Plaintiff and will file a Notice of Filing Notice of

Removal with the clerk of the Superior Court of the State of California, Sacramento County. All Defendants expressly join in and consent to this Notice of Removal.

WHEREFORE, Defendants respectfully request that the within action, now pending in the Superior Court of the State of California, Sacramento County, be removed to the United States District Court for the Eastern District of California.

Dated: June 29, 2020

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Brian M. Lutz*
BRIAN M. LUTZ
STEPHEN C. WHITTAKER

JACKSON LEWIS P.C.

By: */s/ Nathan W. Austin*
CARY G. PALMER
NATHAN W. AUSTIN

Attorneys for Defendants

**PROOF OF SERVICE**

I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; my business address is 400 Capitol Mall, Suite 1600, Sacramento, California 95814.

On June 29, 2020, I served the foregoing document described as:

**DEFENDANTS' NOTICE OF REMOVAL**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

Douglas Han, Esq.
Shunt Tatavos-Gharajeh, Esq.
Phillip Song, Esq.
JUSTICE LAW CORPORATION
751 N. Fair Oaks Avenue, Suite 101
Pasadena, CA 91103
Telephone: 818.230.7502
Facsimile: 818.230.7259
Email: dhan@justicelawcorp.com
statavos@justicelawcorp.com
psong@justicelawcorp.com

**ATTORNEYS FOR PLAINTIFF MARIA NAVEJA, INDIVIDUALLY, AND ON BEHALF OF OTHER MEMBERS OF THE GENERAL PUBLIC SIMILARLY SITUATED**

**[X]** **MAIL** - by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid for deposit in the United States Post Office mail box, at my business address shown above, following Jackson Lewis P.C.'s ordinary business practices for the collection and processing of mail, of which I am readily familiar, and addressed as set forth below. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

**[X]** **STATE** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 29, 2020, at Sacramento, California.

/s/ *Tami J. Martinelli*
Tami J. Martinelli