# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PRIMERICA, INC., a Delaware corporation; Additional Parties
Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARIA NAVEJA, individually, and on behalf of other members of
the general public similarly situated;



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED/ENDORSED

MAY 1 3 2020

By: ___N. Young___
Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Sacramento County Superior Court
Gordon D. Schaber Courthouse
720 9th Street, Sacramento, California 95814

CASE NUMBER:
*(Número del Caso):*
34-2020-00278651

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Douglas Han, JUSTICE LAW CORPORATION; 751 N. Fair Oaks Avenue, Suite 101, Pasadena, CA 91103; (818) 230-7502

DATE: MAY 1 3 2020
*(Fecha)*

Clerk, by _____ , Deputy
*(Secretario)*                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**BY FAX**

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Naveja v. Primerica, Inc., et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

PRIMERICA FINANCIAL SERVICES, LLC, a Nevada limited liability company;

PRIMERICA CLIENT SERVICES, INC., a Delaware corporation;

PRIMERICA LIFE INSURANCE COMPANY, a Tennessee corporation;

DOES 1 through 100, inclusive;

Page ___1___ of ___1___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

1   DOUGLAS HAN (SBN 232858)
    SHUNT TATAVOS-GHARAJEH (SBN 272164)
2   PHILLIP SONG (SBN 326572)
    **JUSTICE LAW CORPORATION**
3   751 N. Fair Oaks Avenue, Suite 101
    Pasadena, California 91103
4   Telephone (818) 230-7502
    Facsimile  (818) 230-7259
5

6   *Attorneys for* Plaintiff

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **FOR THE COUNTY OF SACRAMENTO**  BY FAX

10  MARIA NAVEJA, individually, and on          Case No.:  **34-2020-00278651**
    behalf of other members of the general public
11  similarly situated;
                                                **CLASS ACTION COMPLAINT FOR**
12                                              **DAMAGES**
              Plaintiff,
13                                              (1)  Violation of California Labor Code
        v.                                           §§ 510 and 1198 (Unpaid Overtime);
14                                              (2)  Violation of California Labor Code
    PRIMERICA, INC., a Delaware corporation;         §§ 226.7 and 512(a) (Unpaid Meal
15  PRIMERICA FINANCIAL SERVICES,                    Period Premiums);
    LLC, a Nevada limited liability company;    (3)  Violation of California Labor Code
16  PRIMERICA CLIENT SERVICES, INC., a               § 226.7 (Unpaid Rest Period
    Delaware corporation; PRIMERICA LIFE             Premiums);
17  INSURANCE COMPANY, a Tennessee             (4)  Violation of California Labor Code
    corporation; and DOES 1 through 100,             §§ 1194 and 1197 (Unpaid
18  inclusive;                                       Minimum Wages);
19                                              (5)  Violation of California Labor Code
                                                     §§ 201 and 202 (Final Wages Not
20            Defendants.                            Timely Paid);
                                                (6)  Violation of California Labor Code
21                                                   § 226(a) (Non-Compliant Wage
                                                     Statements);
22                                              (7)  Violation of California Labor Code §§
                                                     2800 and 2802 (Unreimbursed
23                                                   Business Expenses);
                                                (8)  Violation of California Business &
24                                                   Professions Code §§ 17200, *et seq.*
25

26                                              **DEMAND FOR JURY TRIAL**

27

28

---

CLASS ACTION COMPLAINT FOR DAMAGES

1   COMES NOW, Plaintiff MARIA NAVEJA ("Plaintiff"), individually, and on behalf of

2   other members of the general public similarly situated, and alleges as follows:

3   **JURISDICTION AND VENUE**

4   1.      This class action is brought pursuant to the California Code of Civil Procedure

5   section 382.  The monetary damages and restitution sought by Plaintiff exceeds the minimal

6   jurisdiction limits of the Superior Court and will be established according to proof at trial.

7   The "amount in controversy" for the named Plaintiff, including claims for compensatory

8   damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is

9   less than seventy-five thousand dollars ($75,000).

10   2.      This Court has jurisdiction over this action pursuant to the California

11   Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in

12   all other causes" except those given by statute to other courts.  The statutes under which this

13   action is brought do not specify any other basis for jurisdiction.

14   3.      This Court has jurisdiction over Defendants because, upon information and

15   belief, Defendants are citizens of California, have sufficient minimum contacts in California,

16   or otherwise intentionally avail themselves of the California market so as to render the

17   exercise of jurisdiction over them by the California courts consistent with traditional notions

18   of fair play and substantial justice.

19   4.      Venue is proper in this Court because, upon information and belief, Defendants

20   maintain offices, have agents, and/or transact business in the State of California, including the

21   County of Sacramento. The majority of the acts and omissions alleged herein relating to

22   Plaintiff took place in the State of California. Defendants employed Plaintiff within the State of

23   California.

24   **PARTIES**

25   5.      Plaintiff MARIA NAVEJA is an individual residing in the State of California.

26   / / /

27   / / /

28   / / /

2

1    6.    Defendant PRIMERICA, INC., at all times herein mentioned, was and is, upon
2  information and belief, a Delaware corporation, and at all times herein mentioned, was and is,
3  an employer whose employees are engaged throughout the State of California, including the
4  County of Sacramento. PRIMERICA FINANCIAL SERVICES, LLC, at all times herein
5  mentioned, was and is, upon information and belief, a Nevada limited liability company, and
6  at all times herein mentioned, was and is, an employer whose employees are engaged
7  throughout the State of California, including the County of Sacramento. PRIMERICA
8  CLIENT SERVICES, INC., at all times herein mentioned, was and is, upon information and
9  belief, a Delaware corporation, and at all times herein mentioned, was and is, an employer
10  whose employees are engaged throughout the State of California, including the County of
11  Sacramento. PRIMERICA LIFE INSURANCE COMPANY, at all times herein mentioned,
12  was and is, upon information and belief, a Tennessee corporation, and at all times herein
13  mentioned, was and is, an employer whose employees are engaged throughout the State of
14  California, including the County of Sacramento.

15    7.    At all times herein relevant, Defendants PRIMERICA, INC., PRIMERICA
16  FINANCIAL SERVICES, LLC, PRIMERICA CLIENT SERVICES, INC., PRIMERICA LIFE
17  INSURANCE COMPANY and DOES 1 through 100, and each of them, were the agents,
18  partners, joint venturers, joint employers, representatives, servants, employees, successors-in-
19  interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were
20  acting within the course and scope of their authority as such agents, partners, joint venturers,
21  joint employers, representatives, servants, employees, successors, co-conspirators and assigns,
22  and all acts or omissions alleged herein were duly committed with the ratification, knowledge,
23  permission, encouragement, authorization, and consent of each defendant designated herein.
24  / / /
25  / / /
26  / / /
27
28

8.     The true names and capacities, whether corporate, associate, individual or otherwise, of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiff, who sues said defendants by such fictitious names.  Plaintiff is informed and believes, and based on that information and belief alleges, that each of the Defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

9.     Defendants PRIMERICA, INC., PRIMERICA FINANCIAL SERVICES, LLC, PRIMERICA CLIENT SERVICES, INC., PRIMERICA LIFE INSURANCE COMPANY and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

10.    Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said Defendants employers and employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

11.    Plaintiff brings this action on her own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under Code of Civil Procedure section 382.

12.    The proposed class is defined as follows:

> All current and former California-based (*i.e.*, currently "residing" in California with the intent to remain in California indefinitely) exempt independent contractor with the job title "Representative" or those that performed similar duties who provided services to Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment regardless whether they made a commission.

13.    Plaintiff reserves the right to establish subclasses as appropriate.

/ / /

4

1        14.    The class is ascertainable and there is a well-defined community of interest in
2  the litigation:

3             a.    <u>Numerosity</u>: The class members are so numerous that joinder of all class
4                 members is impracticable.  The membership of the entire class is
5                 unknown to Plaintiff at this time; however, the class is estimated to be
6                 greater than fifty (50) individuals and the identity of such membership is
7                 readily ascertainable by inspection of Defendants' employment records.

8             b.    <u>Typicality</u>: Plaintiff's claims are typical of all other class members'
9                 claims as demonstrated herein.  Plaintiff will fairly and adequately
10                protect the interests of the other class members with whom she has a
11                well-defined community of interest.

12            c.    <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of
13                each class member, with whom she has a well-defined community of
14                interest and typicality of claims, as demonstrated herein.  Plaintiff has
15                no interest that is antagonistic to the other class members.  Plaintiff's
16                attorneys, the proposed class counsel, are versed in the rules governing
17                class action discovery, certification, and settlement.  Plaintiff has
18                incurred, and during the pendency of this action will continue to incur,
19                costs and attorneys' fees, that have been, are, and will be necessarily
20                expended for the prosecution of this action for the substantial benefit of
21                each class member.

22            d.    <u>Superiority</u>: A class action is superior to other available methods for the
23                fair and efficient adjudication of this litigation because individual
24                joinder of all class members is impractical.

25  / / /
26  / / /
27  / / /
28

e.  <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives.  Employers of this great state violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

15.  There are common questions of law and fact as to the class members that predominate over questions affecting only individual members.  The following common questions of law or fact, among others, exist as to the members of the class:

a.  Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b.  Whether Defendants' California-based exempt independent contractors were classified as independent contractors in violation of California law;

c.  Whether Defendants required Plaintiff and other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d.  Whether Defendants deprived Plaintiff and other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

e.  Whether Defendants failed to pay minimum wages to Plaintiff and other class members for all hours worked;

f.  Whether Defendants required Plaintiff and other class members to patronize Defendants as a condition for applying to be an "Independent Marketing Executive" and for continued employment;

/ / /

/ / /

6

g.  Whether Defendants failed to pay all wages due to Plaintiff and other class members within the required time upon their discharge or resignation;

h.  Whether Defendants failed to timely pay all wages due to Plaintiff and other class members during their employment;

i.  Whether Defendants complied with wage reporting as required by the California Labor Code, including, inter alia, section 226;

j.  Whether Defendants' conduct was willful or reckless;

k.  Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, *et seq.*;

l.  The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

m.  Whether Plaintiff and other class members are entitled to compensatory damages pursuant to the California Labor Code.

## GENERAL ALLEGATIONS

16.  During the relevant time period set forth herein, Defendants employed Plaintiff and other persons as exempt independent contractors within the State of California, including the County of Sacramento.

17.  Defendants, jointly and severally, employed Plaintiff as an exempt independent contractor for approximately two (2) months in 2018, in the State of California.

18.  Defendants hired Plaintiff and the other class members and classified them as independent contractors, and failed to compensate them for all hours worked, missed meal periods and/or rest breaks.

19.  Defendants had the authority to hire and terminate Plaintiff and other class members; to set work rules and conditions governing Plaintiff and the other class members' employment; and to supervise their daily employment activities.

/ / /

/ / /

7

1    20.    Defendants exercised sufficient authority over the terms and conditions of
2  Plaintiff and the other class members' employment for them to be joint employers of Plaintiff
3  and the other class members.

4    21.    Defendants directly hired and paid wages and benefits to Plaintiff and the other
5  class members.

6    22.    Defendants continue to employ exempt independent contractors within the
7  State of California.

8    23.    Plaintiff and the other class members worked over eight (8) hours in a day,
9  and/or forty (40) hours in a week during their employment with Defendants.

10    24.    Plaintiff is informed and believes, and based thereon alleges, that Defendants
11  engaged in a pattern and practice of wage abuse against exempt independent contractors. This
12  scheme involved, inter alia, misclassifying them as independent contractors, failing to pay
13  them for all hours worked, missed meal periods, and missed rest breaks, and requiring they
14  patronize Defendants in violation of California law.

15    25.    Plaintiff is informed and believes, and based thereon alleges, that Defendants
16  knew or should have known that Plaintiff and the other class members were entitled to receive
17  certain wages for overtime compensation and that they were not receiving wages for overtime
18  compensation.

19    26.    Plaintiff is informed and believes, and based thereon alleges, that Defendants
20  failed to provide Plaintiff and the other class members the required rest and meal periods
21  during the relevant time period as required under the Industrial Welfare Commission Wage
22  Orders and thus they are entitled to any and all applicable penalties.

23  / / /
24  / / /
25  / / /
26
27
28

8

1          27.     Plaintiff is informed and believes, and based thereon alleges, that Defendants
2  knew or should have known that Plaintiff and the other class members were entitled to receive
3  all timely and complete meal periods or payment of one additional hour of pay at Plaintiff and
4  the other class members' regular rate of pay when a meal period was missed, late or
5  interrupted, and they did not receive all timely and proper meal periods or payment of one
6  additional hour of pay at Plaintiff and the other class members' regular rate of pay when a
7  meal period was missed.

8          28.     Plaintiff is informed and believes, and based thereon alleges, that Defendants
9  knew or should have known that Plaintiff and the other class members were entitled to receive
10  all timely rest periods without interruption or payment of one additional hour of pay at
11  Plaintiff and the other class members' regular rate of pay when a rest period was missed, late
12  or interrupted, and they did not receive all rest periods or payment of one additional hour of
13  pay at Plaintiff and the other class members' regular rate of pay when a rest period was
14  missed.

15          29.     Plaintiff is informed and believes, and based thereon alleges, that Defendants
16  knew or should have known that Plaintiff and the other class members were entitled to receive
17  at least minimum wages for compensation and that they were not receiving at least minimum
18  wages for all hours worked.

19          30.     Plaintiff is informed and believes, and based thereon alleges, that Defendants
20  knew or should have known that Defendants were prohibited from requiring Plaintiff and the
21  other class members to patronize Defendants as a condition for applying to be an independent
22  contractor for Defendants and for continued employment.

23          31.     Plaintiff is informed and believes, and based thereon alleges, that Defendants
24  knew or should have known that Plaintiff and the other class members were entitled to receive
25  the wages owed to them upon discharge or resignation, including overtime and minimum
26  wages and meal and rest period premiums, and they did not, in fact, receive such wages owed
27  to them at the time of their discharge or resignation.

28  / / /

32.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants.  The deficiencies included, inter alia, the failure to include the total number of hours worked by Plaintiff and the other class members.

33.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

34.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

35.     As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay overtime wages to Plaintiff and the other class members for all hours worked.  Plaintiff and other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

36.     As a pattern and practice, during the relevant time period set forth herein, Defendants failed to provide the requisite uninterrupted and timely meal and rest periods to Plaintiff and the other class members.

37.     As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

38.     As a pattern and practice, during the relevant time period set forth herein, Defendants required Plaintiff and the other class members to patronize Defendants.

10

39. As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay Plaintiff and the other class members the wages owed to them upon discharge or resignation.

40. As a pattern and practice, during the relevant time period set forth herein, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

41. As a pattern and practice, during the relevant time period set forth herein, Defendants failed to keep complete or accurate payroll records for Plaintiff and the other class members.

42. As a pattern and practice, during the relevant time period set forth herein, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

43. California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

**FIRST CAUSE OF ACTION**

**(Violation of California Labor Code §§ 510 and 1198)**

**(Against PRIMERICA, INC., PRIMERICA FINANCIAL SERVICES, LLC, PRIMERICA CLIENT SERVICES, INC., PRIMERICA LIFE INSURANCE COMPANY and DOES 1 through 100)**

44. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 43, and each and every part thereof with the same force and effect as though fully set forth herein.

45. California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

11

46.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, who work(ed) more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

47.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

48.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

49.     During the relevant time period set forth herein, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

50.     As a pattern and practice, during the relevant time period set forth herein, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members.

51.     Defendants' pattern and practice of failing to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

52.     Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

/ / /

12

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code §§ 226.7 and 512(a))

### (Against PRIMERICA, INC., PRIMERICA FINANCIAL SERVICES, LLC, PRIMERICA CLIENT SERVICES, INC., PRIMERICA LIFE INSURANCE COMPANY and DOES 1 through 100)

53.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 52, and each and every part thereof with the same force and effect as though fully set forth herein.

54.     During the relevant time period set forth herein, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff and the other class members' employment by Defendants.

55.     During the relevant time period set forth herein, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

56.     During the relevant time period set forth herein, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

57.     During the relevant time period set forth herein, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause, or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

/ / /

13

58.     As a pattern and practice, during the relevant time period set forth herein, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

59.     As a pattern and practice, during the relevant time period set forth herein, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

60.     As a pattern and practice, during the relevant time period set forth herein, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods.

61.     As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

62.     Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

63.     Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided.

/ / /

/ / /

/ / /

14

1

2

3

4

5

**THIRD CAUSE OF ACTION**

**(Violation of California Labor Code § 226.7)**

**(Against PRIMERICA, INC., PRIMERICA FINANCIAL SERVICES, LLC,**

**PRIMERICA CLIENT SERVICES, INC., PRIMERICA LIFE INSURANCE**

**COMPANY and DOES 1 through 100)**

6      64.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

7   through 63, and each and every part thereof with the same force and effect as though fully set

8   forth herein.

9      65.    During the relevant time period set forth herein, the applicable IWC Wage

10  Order and California Labor Code section 226.7 were applicable to Plaintiff and the other class

11  members' employment by Defendants.

12     66.    During the relevant time period set forth herein, California Labor Code section

13  226.7 provides that no employer shall require an employee to work during any rest period

14  mandated by an applicable order of the California IWC.

15     67.    During the relevant time period set forth herein, the applicable IWC Wage

16  Order provides that "[e]very employer shall authorize and permit all employees to take rest

17  periods, which insofar as practicable shall be in the middle of each work period" and that the

18  "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes

19  net rest time per four (4) hours or major fraction thereof" unless the total daily work time is

20  less than three and one-half (3 ½) hours.

21     68.    As a pattern and practice, during the relevant time period set forth herein,

22  Defendants required Plaintiff and the other class members to work four (4) or more hours

23  without authorizing or permitting a ten (10) minute rest period per each four (4) hour period

24  worked.

25     69.    As a pattern and practice, during the relevant time period set forth herein,

26  Defendants willfully required Plaintiff and the other class members to work during rest

27  periods and failed to pay Plaintiff and the other class members the full rest period premium for

28  work performed during rest periods.

15

70.     As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

71.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

72.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

## FOURTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 1194 and 1197)

### (Against PRIMERICA, INC., PRIMERICA FINANCIAL SERVICES, LLC, PRIMERICA CLIENT SERVICES, INC., PRIMERICA LIFE INSURANCE COMPANY and DOES 1 through 100)

73.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 72, and each and every part thereof with the same force and effect as though fully set forth herein.

74.     During the relevant time period set forth herein, California Labor Code sections 1194 and 1197 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed, is unlawful.

75.     As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay minimum wages to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194 and 1197.

/ / /

/ / /

/ / /

16

76.    Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194 and 1197.  Pursuant to those sections, Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

77.    Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

### FIFTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 201 and 202)

### (Against PRIMERICA, INC., PRIMERICA FINANCIAL SERVICES, LLC,

### PRIMERICA CLIENT SERVICES, INC., PRIMERICA LIFE INSURANCE

### COMPANY and DOES 1 through 100)

78.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 77, and each and every part thereof with the same force and effect as though fully set forth herein.

79.    During the relevant time period set forth herein, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

80.    As a pattern and practice, during the relevant time period set forth herein, Defendants intentionally and willfully failed to pay Plaintiff and the other class members (but not all) who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

/ / /

17

1    81.    Defendants' pattern and practice of failing to pay Plaintiff and the other class

2  members (but not all) who are no longer employed by Defendants their wages, earned and

3  unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of

4  California Labor Code sections 201 and 202.

5    82.    California Labor Code section 203 provides that if an employer willfully fails

6  to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee

7  shall continue as a penalty from the due date thereof at the same rate until paid or until an

8  action is commenced; but the wages shall not continue for more than thirty (30) days.

9    83.    Plaintiff and the other class members are entitled to recover from Defendants

10  the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum

11  pursuant to California Labor Code section 203.

12                          **SIXTH CAUSE OF ACTION**

13                   **(Violation of California Labor Code § 226(a))**

14      **(Against PRIMERICA, INC., PRIMERICA FINANCIAL SERVICES, LLC,**

15          **PRIMERICA CLIENT SERVICES, INC., PRIMERICA LIFE INSURANCE**

16                      **COMPANY and DOES 1 through 100)**

17    84.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

18  through 83, and each and every part thereof with the same force and effect as though fully set

19  forth herein.

20  / / /

21  / / /

22  / / /

23

24

25

26

27

28

1    85.    During the relevant time period set forth herein, California Labor Code section
2  226(a) provides that every employer shall furnish each of his or her employees an accurate
3  itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the
4  employee, (3) the number of piece-rate units earned and any applicable piece rate if the
5  employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made
6  on written orders of the employee may be aggregated and shown as one item, (5) net wages
7  earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of
8  the employee and his or her social security number, (8) the name and address of the legal
9  entity that is the employer, and (9) all applicable hourly rates in effect during the pay period
10 and the corresponding number of hours worked at each hourly rate by the employee.   The
11 deductions made from payments of wages shall be recorded in ink or other indelible form,
12 properly dated, showing the month, day, and year, and a copy of the statement or a record of
13 the deductions shall be kept on file by the employer for at least three years at the place of
14 employment or at a central location within the State of California.

15    86.    As a pattern and practice, Defendants have intentionally and willfully failed to
16 provide Plaintiff and the other class members with complete and accurate wage statements.
17 The deficiencies include but are not limited to: the failure to include the total number of hours
18 worked by Plaintiff and the other class members.

19    87.    As a result of Defendants' violation of California Labor Code section 226(a),
20 Plaintiff and the other class members have suffered injury and damage to their statutorily
21 protected rights.

22    88.    More specifically, Plaintiff and the other class members have been injured by
23 Defendants' intentional and willful violation of California Labor Code section 226(a) because
24 they were denied both their legal right to receive, and their protected interest in receiving,
25 accurate and itemized wage statements pursuant to California Labor Code section 226(a).
26 ///
27 ///
28 ///

19

89.     Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

90.     Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2800 and 2802)

### (Against PRIMERICA, INC., PRIMERICA FINANCIAL SERVICES, LLC, PRIMERICA CLIENT SERVICES, INC., PRIMERICA LIFE INSURANCE COMPANY and DOES 1 through 100)

91.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 90, and each and every part thereof with the same force and effect as though fully set forth herein.

92.     Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

93.     Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.  Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

/ / /

/ / /

/ / /

20

**EIGHTH CAUSE OF ACTION**

**(Violation of California Business & Professions Code §§ 17200, *et seq.*)**

**(Against PRIMERICA, INC., PRIMERICA FINANCIAL SERVICES, LLC,**

**PRIMERICA CLIENT SERVICES, INC., PRIMERICA LIFE INSURANCE**

**COMPANY and DOES 1 through 100)**

94.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 93, and each and every part thereof with the same force and effect as though fully set forth herein.

95.     Defendants' conduct, as alleged herein, has been, and continues to be unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors.  Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

96.     Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, *et seq.*

97.     A violation of California Business & Professions Code section 17200, *et seq.* may be predicated on the violation of any state or federal law. In this instant case, Defendants' pattern and practice of requiring Plaintiff and the other class members work overtime hours without paying them proper compensation violate California Labor Code sections 510 and 1198.  Moreover, Defendants' pattern and practice of requiring Plaintiff and the other class members to patronize Defendants as a condition for applying to be an independent contractor and for continued employment violates California Labor Code sections 450. Additionally, Defendants' pattern and practice of requiring Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Further, Defendants' pattern and practice of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201 and 202.  Defendants also violated California Labor Code sections 226(a), 1194, 1197, 2800 and 2802.

21

1   98.     As a result of the herein described violations of California law, Defendants

2   unlawfully gained an unfair advantage over other businesses.

3   99.     Plaintiff and the other class members have been personally injured by

4   Defendants' unlawful business acts and practices as alleged herein, including but not

5   necessarily limited to the loss of money and/or property.

6   100.    Pursuant to California Business & Professions Code sections 17200, *et seq.*,

7   Plaintiff and the other class members are entitled to restitution of the wages withheld and

8   retained by Defendants during a period that commences four years prior to the filing of this

9   Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section

10  1021.5 and other applicable laws; and an award of costs.

11  **DEMAND FOR JURY TRIAL**

12  Plaintiff, individually, and on behalf of other members of the general public similarly

13  situated, requests a trial by jury.

14  **PRAYER FOR RELIEF**

15  WHEREFORE, Plaintiff, individually and on behalf of all other members of the

16  general public similarly situated, prays for relief and judgment against Defendants, jointly and

17  severally, as follows:

18  **Class Certification**

19  1.     That this action be certified as a class action;

20  2.     That Plaintiff be appointed as representative of the Class;

21  3.     That counsel for Plaintiff be appointed as Class Counsel; and

22  4.     That Defendants provide to Class Counsel immediately the names and most

23  current contact information (address, e-mail and telephone numbers) of all class members.

24  **As to the First Cause of Action**

25  5.     That the Court declare, adjudge and decree that Defendants violated California

26  Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to

27  pay all overtime wages due to Plaintiff and the other class members;

28  / / /

22

1    6.    For general unpaid wages at overtime wage rates and such general and special
2  damages as may be appropriate;

3    7.    For pre-judgment interest on any unpaid overtime compensation commencing
4         from the date such amounts were due;

5    8.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to
6  California Labor Code section 1194; and

7    9.    For such other and further relief as the court may deem just and proper.

8                    **As to the Second Cause of Action**

9    10.   That the Court declare, adjudge and decree that Defendants violated California
10  Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to
11  provide all meal periods (including second meal periods) to Plaintiff and the other class
12  members;

13    11.   That the Court make an award to Plaintiff and the other class members of one
14  (1) hour of pay at each employee's regular rate of compensation for each workday that a meal
15  period was not provided;

16    12.   For all actual, consequential, and incidental losses and damages, according to
17  proof;

18    13.   For premium wages pursuant to California Labor Code section 226.7(b);

19    14.   For pre-judgment interest on any unpaid wages from the date such amounts
20  were due;

21    15.   For reasonable attorneys' fees and costs of suit incurred herein; and

22    16.   For such other and further relief as the court may deem just and proper.

23                    **As to the Third Cause of Action**

24    17.   That the Court declare, adjudge and decree that Defendants violated California
25  Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all
26  rest periods to Plaintiff and the other class members;

27  ///

28  ///

23

18. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19. For all actual, consequential, and incidental losses and damages, according to proof;

20. For premium wages pursuant to California Labor Code section 226.7(b);

21. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22. For such other and further relief as the court may deem just and proper.

### As to the Fourth Cause of Action

23. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194 and 1197 by willfully failing to pay minimum wages to Plaintiff and the other class members;

24. For general unpaid wages and such general and special damages as may be appropriate;

25. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

26. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

27. For liquidated damages pursuant to California Labor Code section 1194.2; and

28. For such other and further relief as the court may deem just and proper.

### As to the Fifth Cause of Action

29. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of the other class members no longer employed by Defendants;

30. For all actual, consequential, and incidental losses and damages, according to proof;

24

31.   For statutory wage penalties pursuant to California Labor Code section 203 for the other class members who have left Defendants' employ;

32.   For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

33.   For such other and further relief as the court may deem just and proper.

### As to the Sixth Cause of Action

34.   That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and other class members, and willfully failed to provide accurate itemized wage statements thereto;

35.   For actual, consequential and incidental losses and damages, according to proof;

36.   For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g); and

37.   For such other and further relief as the court may deem just and proper.

### As to the Seventh Cause of Action

38.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

39.   For actual, consequential and incidental losses and damages, according to proof;

40.   For the imposition of statutory penalties;

41.   For punitive damages and/or exemplary damages according to proof at trial;

42.   For reasonable attorneys' fees and costs of suit incurred herein; and

43.   For such other and further relief as the court may deem just and proper.

/ / /

/ / /

## As to the Eighth Cause of Action

44.     That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, *et seq.* by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff and the other class members' wages timely as required by California Labor Code section 201, 202.

45.     For restitution of unpaid wages to Plaintiff and the other class members and all pre-judgment interest from the day such amounts were due and payable;

46.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, *et seq.*;

47.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

48.     For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200 *et seq.*; and

49.     For such other and further relief as the court may deem just and proper.


Dated: May 11, 2020                              **JUSTICE LAW CORPORATION**

                                                 By:

                                                     Douglas Han
                                                     Shunt Tatavos-Gharajeh
                                                     Phillip Song
                                                     *Attorneys for* Plaintiff

26

# EXHIBIT B

JACKSON LEWIS P.C.
CARY G. PALMER (SBN 186601)
NATHAN W. AUSTIN (SBN 219672)
400 Capitol Mall, Suite 1600
Sacramento, CA  95814
Telephone:     (916) 341-0404
Facsimile:      (916) 341-0141
E-mail:  cary.palmer@jacksonlewis.com
E-mail:  nathan.austin@jacksonlewis.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA NAVEJA, individually, and on behalf of other members of the general public similarly situated;<br><br>            Plaintiff,<br><br>    v.<br><br>PRIMERICA, INC., a Delaware corporation; PRIMERICA FINANCIAL SERVICES, LLC, a Nevada limited liability company; PRIMERICA CLIENT SERVICES, INC., a Delaware corporation; PRIMERICA LIFE INSURANCE COMPANY, a Tennessee corporation; and DOES 1 through 100, inclusive;<br><br>            Defendants. | Case No. _____<br><br>**DECLARATION OF ROBERT H. PETERMAN, JR.**<br><br>Complaint filed: May 13, 2020 |

1. My name is Robert H. Peterman, Jr..  I am over the age of eighteen and am competent to make this Declaration.  I give this Declaration voluntarily and the facts and statements contained herein are based upon my own personal knowledge.  I would testify to the facts and statements contained herein if called as a witness in this matter.

2. I am currently the Executive Vice President and Chief Marketing Officer of Primerica Financial Services, Inc. ("PFS"), which is a subsidiary of Primerica, Inc. ("Primerica").  I have been with Primerica or its related entities for more than 30 years.

3. Primerica is the direct or indirect parent company of PFS, Primerica Client Services, Inc. ("PCS"), and Primerica Life Insurance Company ("PLIC").

4. I have personal knowledge regarding the contracts used by Primerica and its affiliates to create independent contractor relationships with sales agents of the Primerica related entities.

5. I also have experience working with the systems used by the Primerica related entities to store data for the agents who have entered into contracts to sell the various products offered by the Primerica related entities.  I have become familiar with the types of information contained in those systems, how data are generated and maintained, and how to accurately retrieve data from those systems.

6. From June 2019 (one year before the filing of the Complaint) through May 2020:

   • For a group of 950 Primerica Representatives in California, Defendants made at least 40 distinct payments to each individual Representative;

   • For a separate group of 282 Primerica Representatives in California, Defendants made at least 30 distinct payments to each individual Representative;

   • For a separate group of 479 Primerica Representatives in California, Defendants made at least 20 distinct payments to each individual Representative.

7. I say "at least" in this declaration because Primerica's data is highly confidential and competitively sensitive.

8. Primerica is incorporated under the laws of the State of Delaware and its principal place of business is located in the State of Georgia.

9. PFS is incorporated under the laws of the State of Nevada and its principal place of business is located in the State of Georgia.

10. PCS is incorporated under the laws of the State of Delaware and its principal place of business is located in the State of Georgia.

11. PLIC is incorporated under the laws of the State of Tennessee and its principal place of business is located in the State of Georgia.

12. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 29, 2020.

_____

ROBERT H. PETERMAN, JR.

4825-3974-5983, v. 1

2

# EXHIBIT C

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Douglas Han (SBN 232858)<br>JUSTICE LAW CORPORATION<br>751 N. Fair Oaks Avenue, Suite 101<br>Pasadena, California 91103<br>TELEPHONE NO.: (818) 230-7502   FAX NO.: (818) 230-7259 | **FILED/ENDORSED**<br><br>MAY 13 2020<br><br>By: _____ N. Young _____<br>Deputy Clerk |

ATTORNEY FOR *(Name)*: Plaintiff Maria Naveja

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SACRAMENTO**
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento, California 95814
BRANCH NAME: Gordon D. Schaber Courthouse

CASE NAME:
Naveja v. Primerica, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **34-2020-00278651**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

**BY FAX**

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*: Eight (8)
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 11, 2020
Douglas Han
_____(TYPE OR PRINT NAME)_____          ► _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
     Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
     case involves an uninsured
     motorist claim subject to
     arbitration, check this item
     instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
     Asbestos Property Damage
     Asbestos Personal Injury/
        Wrongful Death
  Product Liability *(not asbestos or
     toxic/environmental)* (24)
  Medical Malpractice (45)
     Medical Malpractice–
        Physicians & Surgeons
     Other Professional Health Care
        Malpractice
  Other PI/PD/WD (23)
     Premises Liability (e.g., slip
        and fall)
     Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
     Intentional Infliction of
        Emotional Distress
     Negligent Infliction of
        Emotional Distress
     Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
     Practice (07)
  Civil Rights (e.g., discrimination,
     false arrest) *(not civil
     harassment)* (08)
  Defamation (e.g., slander, libel)
     (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
     Legal Malpractice
     Other Professional Malpractice
        *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
     Breach of Rental/Lease
        Contract *(not unlawful detainer
           or wrongful eviction)*
     Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
     Negligent Breach of Contract/
        Warranty
     Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
     book accounts) (09)
     Collection Case–Seller Plaintiff
     Other Promissory Note/Collections
        Case
  Insurance Coverage *(not provisionally
     complex)* (18)
     Auto Subrogation
     Other Coverage
  Other Contract (37)
     Contractual Fraud
     Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
     Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
     Writ of Possession of Real Property
     Mortgage Foreclosure
     Quiet Title
     Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
     drugs, check this item; otherwise,
     report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
     Writ–Administrative Mandamus
     Writ–Mandamus on Limited Court
        Case Matter
     Writ–Other Limited Court Case
        Review
  Other Judicial Review (39)
     Review of Health Officer Order
     Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
     *(arising from provisionally complex
     case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
     Abstract of Judgment (Out of
        County)
     Confession of Judgment *(non-
        domestic relations)*
     Sister State Judgment
     Administrative Agency Award
        *(not unpaid taxes)*
     Petition/Certification of Entry of
        Judgment on Unpaid Taxes
     Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
     above)* (42)
     Declaratory Relief Only
     Injunctive Relief Only *(non-
        harassment)*
     Mechanics Lien
     Other Commercial Complaint
        Case *(non-tort/non-complex)*
     Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
     Governance (21)
  Other Petition *(not specified
     above)* (43)
     Civil Harassment
     Workplace Violence
     Elder/Dependent Adult
        Abuse
     Election Contest
     Petition for Name Change
     Petition for Relief From Late
        Claim
     Other Civil Petition

**CIVIL CASE COVER SHEET**